**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JNJ EXPRESS, INC, | ) | No. 2:23-cv-02410-SHL-atc |
| Garnishee, | ) | *Ref. Case No. 2:09-cr-20192-001* |
| | ) | |
| and | ) | |
| | ) | |
| ODIS HAMRIC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER CLOSING CASE ADMINISTRATIVELY**

On July 6, 2023, the Government filed an Application for Writ of Garnishment. (ECF No. 1.) The Writ of Garnishment was issued that same day. (ECF No. 3.) In response, the Garnishee filed its answer on September 14. (ECF No. 4.) After the Court sought clarification on one contradictory statement (ECF No. 5), the Garnishee clarified that, at the time of the service of the Writ, it had earnings or personal property belonging to Defendant in its possession or control (ECF No. 6). Defendant filed no objections. Thus, the Court entered an Order of Garnishment on October 26, 2023. (ECF No. 7.)

So that this action does not remain on the Court's docket indefinitely—a result contrary to the interest of the Court and the public—the matter is administratively closed, with payments still to be paid by the Garnishee. Administratively closing a case is a case-management tool used by district courts to obtain an accurate count of active cases. Citifinancial Corp. v. Harrison, 453 F.3d 245, 250 (5th Cir. 2006). That is, a court may close a case administratively for statistical purposes without making any final determination. See Corion Corp. v. Chen, 964 F.2d 55, 56–57 (1st Cir. 1992) (explaining that an administrative closing is "a reflection of the

fact that the case is likely to be dormant" for a time); <u>Lehman v. Revolution Portfolio L.L.C.</u>, 166 F.3d 389, 391 (1st Cir. 1999) ("The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases."). <u>Lehman</u> "endorse[d] the judicious use of administrative closings in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time." 166 F.3d at 392.

Thus, the case is **ADMINISTRATIVELY CLOSED**. Nothing contained in this Order shall be considered a dismissal or disposition of this action, and payments pursuant to the Garnishment must continue. Should further proceedings become necessary, either party may file documents in the same manner as if this Order had not been entered.

**IT IS SO ORDERED**, this 29th day of May, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2